**UNITED STATES of America,**
Appellee,

v.

**Jason SANTIAGO, Defendant–
Appellant.**

No. 00–1174.

United States Court of Appeals,
Second Circuit.

Jan. 22, 2001.

Edward S. Zas, The Legal Aid Society Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

Christopher J. Clark, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney; Bart G. Van De Weghe, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present STRAUB and SOTOMAYOR, Circuit Judges, and AMON, District Judge.*

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Defendant–Appellant Jason Santiago appeals from a final judgment of conviction entered on November 19, 1999, in the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*). Following a jury trial, Santiago was found guilty of one count of possession of a firearm by a convicted felon, in violation of the felon-in-possession statute, 18 U.S.C. § 922(g). On appeal, he challenges his conviction on three grounds. In this summary order, we review Santiago's challenges to the District Court's jury instruction and *Allen* charge; we dispose

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

of Santiago's constitutional challenge to the felon-in-possession statute, 18 U.S.C. 922(g), in an opinion also issued today. *See United States v. Santiago,* —— F.3d —— (2d Cir.2000).

█ Santiago first asserts that the circumstances surrounding the District Court's *Allen* charge, *see Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), made the charge unduly coercive. This argument finds no support in our precedent. "We have consistently approved the use of an *Allen* charge in the face of apparent deadlock as long as such a charge is carefully crafted to avoid coercing jurors." *United States v. Fermin,* 32 F.3d 674, 680 (2d Cir.1994), *overruled on other grounds, Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); *see United States v. Melendez,* 60 F.3d 41, 51–52 (2d Cir.1995), *vacated sub nom. on other grounds, Colon v. United States,* 516 U.S. 1105, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996). Santiago does not take issue with the language used in the charge, but rather claims that the charge was coercive because it was given on a Friday afternoon, after the jury had been deliberating for nearly twenty hours and after it had twice notified the court that it could not reach a decision. We have held that "[n]o fixed period of time must necessarily elapse before the [*Allen* ] charge may properly be given." *United States v. Robinson,* 560 F.2d 507, 517 (2d Cir.1977) (en banc). Moreover, we have refused to "draw fine lines" that would "circumscribe the trial court's discretion" in determining when and under what circumstances an *Allen* charge is appropriate. *United States v. Hynes,* 424 F.2d 754, 758 (2d Cir.1970). We again refuse to draw such lines in this case. The record is clear that District Court gave the *Allen* charge after careful consideration of its timing and context, and the District Court was well within its discretion in delivering the charge when it did. We therefore find no error.

█ Santiago also claims that the District Court erred by instructing the jury that the gun retrieved by police and allegedly possessed by Santiago was properly admitted into evidence. At the Government's request, the District Court gave the following charge during the course of its instruction:

You have heard testimony that the police seized certain evidence on July 21, 1989. The evidence allegedly obtained at this time was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations. Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in this case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Santiago points out that while this instruction was legally correct, it was unnecessary since the admissibility of the gun was never questioned at trial. Santiago asserts that the charge—particularly its statement concerning the jury's "approv[al]" or "disapprov[al]" of how the gun was obtained by the police—unfairly bolstered the Government's case and was likely to be prejudicial.

We review claims of error regarding a district court's jury instruction *de novo. See United States v. Dove,* 916 F.2d 41, 45 (2d Cir.1990). "[A] jury charge is erroneous if the instruction misleads the jury as to the proper legal standard, or it does not adequately inform the jury of the law." *Luciano v. Olsten Corp.,* 110 F.3d 210, 218 (2d Cir.1997). "When conducting our review of a district court's jury charge, we do not consider the challenged portions in isolation, but in light of the instructions as a whole." *United States v. Walker,* 142 F.3d 103, 111 (2d Cir.1998). Even if a jury

instruction is found to be erroneous, it must be shown that the error was prejudicial and not simply harmless. *See United States v. Torres*, 845 F.2d 1165, 1171 (2d Cir.1988).

We are not untroubled by the fact that the Government risked confusing the jury by requesting an apparently unnecessary charge concerning the admissibility of the gun. The instruction given by the District Court certainly was correct as to the law. However, at trial no motion to suppress was ever made with regard to the gun; nor were there any constitutional challenges to its seizure. The gun was admitted into evidence without objection, and referred to by both parties during direct and cross-examination. We are unclear as to how any reasonable juror could have questioned whether the gun was properly admitted or how jurors could, as the Government maintains, "think that it would somehow be improper for them to consider the gun as evidence." Government's Brief at 9. In short, when the Government requested jury instructions in this case, it should have looked to the circumstances of the underlying trial to see if such instructions were necessary in the first place.

However, when viewed in light of the entire jury instruction, we cannot hold that the inclusion of this particular charge was erroneous. The District Court emphasized several times that the jury was the sole finder of fact and that it alone was to determine the credibility of witnesses and their testimony. The District Court also instructed the jury that it was not to be governed by any comments made by the court regarding any piece of evidence. Indeed, even in the challenged portion of the instruction the District Court made sure to point out that the evidence was only "*allegedly* obtained" (emphasis added). In light of the entire jury instruction, the language challenged by Santiago was not legally improper.

Moreover, Santiago cannot make a showing of prejudice resulting from the given instruction. The entire case at trial concerned the credibility of the police officers as to when and how the gun was found. The record indicates that the jury took its role as finder of fact seriously. The jury deliberated for over twenty hours before reaching a verdict. In the course of deliberations the jury requested and was provided with transcripts of most of the testimony at trial as well as photographic evidence used by both parties. At one point the jury even examined the gun. Given its conscientious and lengthy deliberations, the jury obviously did not interpret the District Court's particular instruction regarding the gun as a dispositive finding of fact made by the court in favor of the Government. We therefore find no prejudicial error in the District Court's instruction.

Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.